# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: July 26, 2018

```
* * * * * * * * * * * * *
CHERYL GARVIN,                  *     UNPUBLISHED
                                *
          Petitioner,           *     No. 17-101V
                                *
v.                              *     Special Master Gowen
                                *
SECRETARY OF HEALTH             *     Influenza ("Flu") Vaccination;
AND HUMAN SERVICES,             *     Guillain-Barré syndrome ("GBS");
                                *     Ruling on Entitlement.
          Respondent.           *
                                *
* * * * * * * * * * * * *
```

Ronald M. Homer, Conway, Homer, P.C., Boston, MA, for petitioner.
Camille M. Collett, United States Department of Justice, Washington, DC, for respondent.

### RULING ON ENTITLEMENT[1]

On January 23, 2017, Cheryl Garvin ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered Guillain-Barré syndrome ("GBS") as a result of receiving an influenza ("flu") vaccination on November 4, 2015. Petition (ECF No. 1) at Preamble; see also Amended Petition filed on April 3, 2017 (ECF No. 13).

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On November 20, 2017, respondent filed a report in accordance with Vaccine Rule 4(c), which provides:

> It is respondent's position that petitioner has satisfied the criteria set forth in the newly revised Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI"). Although the revised Table only governs petitions filed on or after the effective date of the final rule, the evidence shows that petitioner suffered GBS following the administration of a seasonal flu vaccine, and that the onset occurred within the time period specified in the Table. Recognizing that petitioner may refile this petition and be afforded a presumption of causation under the revised Table [see Section 16(b)], respondent will not contest entitlement in this matter.

Respondent's Report (ECF No. 28) at 9. Respondent adds that the scope of damages to be awards is limited to petitioner's GBS and its related sequelae only. Id.

In view of respondent's position and a review of the record as a whole, the undersigned finds that petitioner is entitled to compensation.

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master