# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: July 26, 2018

* * * * * * * * * * * * *
CHERYL GARVIN, *
*
Petitioner, *
*
v. *
*
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
*
* * * * * * * * * * * * *

UNPUBLISHED

No. 17-101V

Special Master Gowen

Influenza ("Flu") Vaccination; Guillain-Barré syndrome ("GBS"); Damages.

Ronald M. Homer, Conway, Homer, P.C., Boston, MA, for petitioner.
Camille M. Collett, United States Department of Justice, Washington, DC, for respondent.

**DECISION ON DAMAGES**[1]

On January 23, 2017, Cheryl Garvin ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered Guillain-Barré syndrome ("GBS") as a result of receiving an influenza ("flu") vaccination on November 4, 2015. Petition (ECF No. 1) at Preamble; see also Amended Petition filed on April 3, 2017 (ECF No. 13).

On November 20, 2017, respondent filed his report in accordance with Vaccine Rule 4(c), in which respondent indicates that he will not contest entitlement in this matter. Respondent's Report (ECF No. 28). The undersigned directed the parties to begin discussing the appropriate amount of compensation. The parties and their counsel worked diligently to do so. I have since issued a ruling that petitioner is entitled to compensation. Ruling on Entitlement (ECF No. 40).

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On July 24, 2018, respondent filed a proffer on an award of compensation, which indicated petitioner's agreement to compensation on the terms set forth therein. Proffer (ECF No. 39). The proffer is attached hereto as Exhibit A and incorporated in my decision.

**Consistent with the terms of the proffer, the undersigned hereby awards the following compensation for all damages that would be available under Section 15(a):**

1) **A lump sum payment of $161,119.33** (representing compensation for life care expenses expected to be incurred during the first year after judgment ($8,600.16), lost earnings ($508.90), pain and suffering ($150,000.00), and past unreimbursable expenses ($2,010.27)**, in the form of a check payable solely to petitioner.**

2) **An amount sufficient to purchase an annuity contract as described in Section II.B of the proffer, made payable to the life insurance company from which the annuity will be purchased.**

The Clerk of the Court is directed to **ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

[3] Pursuant to Vaccine Rule 11(a), the entry of judgment is expedited by the parties jointly or separately filing notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

CHERYL GARVIN,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

No. 17-101V
Special Master Gowen
ECF

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

## I. Items of Compensation

A. Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLP, to provide an estimation of Cheryl Garvin's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report, filed November 20, 2017. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Cheryl Garvin, attached hereto as Tab A.[1] Respondent proffers that Cheryl Garvin should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

B. Lost Earnings

The parties agree that based upon the evidence of record, Cheryl Garvin has suffered past loss of earnings. Therefore, respondent proffers that Cheryl Garvin should be awarded lost

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Cheryl Garvin's lost earnings is $508.90. Petitioner agrees.

C. Pain and Suffering

Respondent proffers that Cheryl Garvin should be awarded $150,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D. Past Unreimbursable Expenses

Evidence supplied by petitioner documents Cheryl Garvin's expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $2,010.27.

## II. Form of the Award

The parties recommend that the compensation provided to Cheryl Garvin should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of $161,119.33, representing compensation for life care expenses expected to be incurred during the first year after judgment ($8,600.16), lost earnings ($508.90), pain and suffering ($150,000.00), and past unreimbursable expenses ($2,010.27), in the form of a check payable to petitioner, Cheryl Garvin.

B. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan,

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Cheryl Garvin, only so long as Cheryl Garvin is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Cheryl Garvin, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Cheryl Garvin's death.

3. Guardianship

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

## III. Summary of Recommended Payments Following Judgment

A. Lump Sum paid to petitioner, Cheryl Garvin: **$161,119.33**

B. An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

*/s/Camille M. Collett*
CAMILLE M. COLLETT
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C. 20044-0146
Direct dial: (202) 616-4098

Dated: July 24, 2018

**Appendix A: Items of Compensation for Cheryl Garvin**



| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-Life |
|---|---|---|---|---|---|
| | | | | 2018 | 2019-Life |
| PCP | 5% | * | | | |
| Neurologist | 5% | * | | | |
| Lab Testing | 5% | * | | | |
| Diagnostic Testing | 5% | * | | | |
| Meloxicam | 5% | * | | 47.76 | 47.76 |
| Celexa | 5% | * | | 51.60 | 51.60 |
| Linzess | 5% | * | | 288.00 | 288.00 |
| Depends | 4% | | M | 430.92 | 430.92 |
| Poise Pads | 4% | | M | 426.24 | 426.24 |
| Probiotics | 4% | | M | 155.64 | 155.64 |
| House Cleaning | 4% | | M | 1,740.00 | 1,740.00 |
| Home Health Care | 4% | | M | 5,460.00 | 5,460.00 |
| Lost Future Earnings | | | | 508.90 | |
| Pain and Suffering | | | | 150,000.00 | |
| Past Unreimbursable Expenses | | | | 2,010.27 | |
| Annual Totals | | | | 161,119.33 | 8,600.16 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($8,600.16), lost earnings ($508.90), pain and suffering ($150,000.00), and past unreimbursable expenses ($2,010.27): $161,119.33.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.