# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: January 23, 2019

| | |
|---|---|
| * * * * * * * * * * * * * | |
| CHERYL GARVIN,  * | UNPUBLISHED |
| * | |
| Petitioner, * | No. 17-101V |
| * | Special Master Gowen |
| v. * | |
| * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * | |

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.
Camille M. Collett, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 25, 2018, Cheryl Garvin ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 47). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of **$26,089.19**.

I.  **Procedural History**

On January 23, 2017, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner initially alleged that she developed Guillain-Barré Syndrome ("GBS") as a result of her November 4, 2015 influenza ("flu") vaccination. The parties filed a Proffer on July 24, 2018 (ECF No. 39), which I adopted as my Decision awarding

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

damages on July 26, 2018. (ECF No. 41).

On October 25, 2018, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Mr. Ronald Homer, in the total amount of $26,089.19, representing $23,900.40 in attorneys' fees and $2,175.10 in costs. Fees App. at 1-2. Pursuant to General Order No. 9, Petitioner indicates that she has personally incurred costs in the amount of $13.69. ECF No. 48.

Respondent reacted to the fees motion on November 12, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 49). Petitioner did not file a reply thereafter. The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master shall award reasonable attorney's fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1). Petitioner in this case was awarded compensation pursuant to a proffer, and therefore she is entitled to an award of reasonable attorney's fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards sua sponte, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioner requests various rates for the work of three Conway, Homer, P.C attorneys (Mr. Homer, Ms. Christina Ciampolillo, and Ms. Meredith Daniels) as well as various paralegals and law clerks who performed work on the case. Fees App. at 20. I have reviewed the requested rates and find them to be in accordance with what has previously been awarded to Conway, Homer, P.C. attorneys and staff. *See H.J. v. Sec'y of Health & Human Servs.*, No. 11-301V, 2017 WL 2883889, at *3 (Fed. Cl. Spec. Mstr. June 2, 2017); *Harper v. Sec'y of Health & Human Servs.*, No. 15-1188V, 2018 WL 6006030, at *2 (Fed. Cl. Spec. Mstr. Oct. 15, 2018); *Rice v. Sec'y of Health & Human Servs.*, No. 15-1335V, 2018 WL 4784563, at *2 (Fed. Cl. Spec. Mstr. Aug. 27, 2018).

I also find the hours expended on this matter (117.7) to be reasonable. Petitioner was able to file the majority of the medical records shortly after filing the petition, and counsel was able to obtain a favorable judgment for Petitioner only 1.5 years after the filing of the petition. I have reviewed the billing entries and they appear to be reasonable, and Respondent has not identified

any particular entries as objectionable either. Accordingly, Petitioner is entitled to attorneys' fees in the amount of **$23,900.40**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $2,175.10, covering the filing fee, postage, medical records, and the travel related to a client visit. These costs are typical of Vaccine Program litigation, and Petitioner has provided adequate documentation for all these costs, and they shall be awarded in full. Petitioner is therefore entitled to final award of attorneys' costs in the amount of **$2,175.10**.

### c. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner warrants that she has personally expended $13.69 in pursuit of this litigation. ECF No. 48. This amount covers the postage of several mailings made by Petitioner to her counsel. These costs have also been adequately documented and shall be awarded in full. *See* Fees App. Tab C. Petitioner is therefore entitled to an award of costs in the amount of **$13.69**.

## III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $23,900.40 |
| (Reduction of fees) | - |
| **Total Attorneys' Fees Awarded** | **$23,900.40** |
| | |
| Attorneys' Costs Requested | $2,175.10 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$2,175.10** |
| | |
| **Total Amount of Attorneys' Fees and Costs** | **$26,075.50** |
| | |
| **Total Petitioner's Costs Awarded** | **$13.69** |
| | |
| **Total Amount Awarded** | **$26,089.19** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $26,075.50, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Ronald Homer; and**

3

  2) **A lump sum in the amount of $13.69, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).